[Civ. No. 5164.   First Appellate District, Division Two.—March 6, 1926.]

## JOSEPH H. GOLDMAN, Respondent, v. CALIFORNIA CAR COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—MONEYS ADVANCED TO OFFICER—CORPORATE ASSETS INCREASED—LIABILITY OF COMPANY—EVIDENCE.—A corporation is liable for moneys advanced to an officer (who is its president a part of the time) in the form of checks cashed by him, where all of such moneys went to increase the assets of the corporation, and it is not shown that the proceeds of the checks were used or intended to be used for the personal affairs of such officer.

[2] ID.—ACTION TO RECOVER MONEYS ADVANCED TO OFFICER—SWELLING OF ASSETS—QUESTION FOR TRIAL COURT—APPEAL.—In an action against a corporation to recover moneys advanced to one of its officers, if it be claimed that the moneys did not in fact go to swell the assets of the corporation, then the truth or falsity of the testimony on the subject was for the determination of the trial court and its determination of the question of the fact is conclusive on appeal.

(1) 14a C. J., p. 451, n. 68.   (2) 4 C. J., p. 848, n. 36.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.   Affirmed.

The facts are stated in the opinion of the court.

John E. Bennett for Appellant.

Charles N. Douglas for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant corporation and one of its stockholders to obtain a judgment for money.   In a common count he alleged that there was five hundred dollars due him which had not been repaid.   The corporation and the stockholder answered the complaint.   Later the action was dismissed as to the stockholder and a trial was had in the trial court of

1. See 6 Cal. Jur. 1129.

the issues presented by the plaintiff's complaint and the answer thereto by the defendant corporation. The trial court made findings of fact in favor of the plaintiff and ordered a judgment entered in accordance therewith. The defendant has appealed from the judgment and has brought up a bill of exceptions.

[1] The first point made by the appellant is that the evidence is insufficient to sustain the findings. During a part of the time Mr. A. D. Bowen was president of the defendant corporation. On August 20, 1921, the plaintiff drew his check in favor of A. D. Bowen in the sum of two hundred dollars; on August 21, 1921, he drew a similar check in the sum of fifty dollars; and on October 6, 1921, he drew a similar check in the sum of three hundred dollars. All of those checks were produced at the trial by the plaintiff and there was no question but what the same had been cashed. Mr. Bowen testified that every cent of the money went into the California Car Company. Furthermore it appeared that all of the checks were deposited in a special account maintained by Mr. Bowen as trustee and before this action was commenced, so the record runs, that entire account was covered into the accounts of the defendant corporation. Moreover, there is not a trace of evidence to the effect that any of the moneys were wasted or misapplied in any respect. As we understand the appellant, its position is that no corporate authority was presented showing that Mr. Bowen had the power to borrow moneys either in the name of, or for the benefit of, the corporation; and, if we understand the appellant correctly, it takes the position that therefore the obligations were the obligations of Mr. Bowen and not the obligations of the appellant. In making this contention it entirely overlooks the testimony to the effect that all of the moneys went to increase the assets of the appellant, and that there was no testimony whatever to the effect that the proceeds of the checks were used or intended to be used for the personal affairs of Mr. Bowen. In *Pauly* v. *Pauly,* 107 Cal. 8, 18 [48 Am. St. Rep. 98, 40 Pac. 29, 30], the supreme court said: "If the bank in fact furnished to the cable company moneys, whether as loans upon unauthorized promissory notes, or upon account, or paid money for construction of its road, or in discharge of its legal liabilities, so far as

the same were in fact applied to the proper use and benefit of the cable company, such moneys may be recovered by the plaintiff to the extent to which they have not been repaid. Plaintiff in the last count of his complaint pleaded facts which, if proved, would entitle him to such a recovery.'' [2] If it be claimed that the moneys did not in fact go to swell the assets of the defendant corporation, the reply is that the truth or falsity of the testimony on the subject was for the determination of the trial court and its determination of the question of fact is conclusive on this court.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.